**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

KIM S.,

                    Plaintiff,

v.                                                                    1:17-CV-0926
                                                                                                 (DJS)

COMM'R OF SOC. SEC.,

                    Defendant.
_____

**APPEARANCES:**                                                   **OF COUNSEL:**

SUSSMAN & ASSOCIATES                     MICHAEL H. SUSSMAN, ESQ.
Counsel for Plaintiff
1 Railroad Avenue, Ste. 3
P.O. Box 1005
Goshen, NY 10924

U.S. SOCIAL SECURITY ADMIN.             JUNE L. BYUN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER[1]

      Currently before the Court, in this Social Security action filed by Kim S. ("Plaintiff") against

the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C.

§ 405(g) are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment

on the Pleadings. Dkt. Nos. 8 & 11. For the reasons set forth below, Plaintiff's Motion for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

Judgment on the Pleadings is denied and Defendant's Motion for Judgment on the Pleadings is granted. The Commissioner's decision denying Plaintiff's disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1956, making her 54 years old at the alleged onset date and 60 years old at the date of the ALJ's decision. Dkt. No. 6, Admin. Tr. (hereinafter "Tr.") at p. 65. Plaintiff reported obtaining a master's degree. Tr. at p. 39. Plaintiff has past work as a teacher. Tr. at p. 70. Plaintiff has alleged disability due to adult onset asthma, upper respiratory issues, a herniated disc, and hearing loss. Tr. at p. 65.

### B. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on June 10, 2014, alleging disability beginning October 15, 2010. Plaintiff's application was initially denied on October 3, 2014, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a hearing before ALJ Katherine Edgell on September 16, 2016. On November 17, 2016, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 12-33. On July 14, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-4.

### C. The ALJ's Decision

In her decision, the ALJ made the following six findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act

through December 31, 2016.  Tr. at p. 17.  Second, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 15, 2010, the alleged onset date.  *Id.*  Third, the ALJ found that Plaintiff's alleged impairments including asthma, bilateral sensorineural hearing loss, and mild otitis externa are severe impairments.  Tr. at pp. 17-19.  Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at p. 19.  Specifically, the ALJ considered the criteria of Listings 2.00 (special senses and speech disorders) and 3.00 (respiratory disorders).  *Id.*  Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except she

> can lift 10 pounds occasionally and 20 pounds frequently; no concentrated exposure to respiratory irritants such as smoke, fumes, dust, humidity and cold temperatures; and no high levels of background noise, or jobs where one must be able to hear well from behind.

*Id.*  Sixth, based on vocational expert ("VE") testimony, the ALJ found that Plaintiff is capable of performing her past relevant work as a teacher.  Tr. at pp. 27-28.  The ALJ also noted that the VE further testified Plaintiff had transferable general clerical skills and would be able to perform other occupations.  Tr. at p. 28.  The ALJ therefore concluded that Plaintiff is not disabled.

### D. The Parties' Briefings on Their Cross-Motions

*1. Plaintiff's Motion for Judgment on the Pleadings*

Plaintiff makes three arguments in support of her Motion for Judgment on the Pleadings. Dkt. No. 8, Pl.'s Mem. of Law at pp. 8-13.  First, Plaintiff argues that the ALJ erred in rejecting the opinion of treating pulmonologist Jai Jalaj, M.D., and in crediting the opinion of consultative examiner Anita Aisner, M.D., who Plaintiff argues is a much less reliable and knowledgeable source.  *Id.* at pp. 8-11.  Specifically, Plaintiff argues that the ALJ erred in affording Dr. Jalaj's

opinion only limited weight and that Dr. Jalaj's opinion should be given controlling weight where it is well-supported by the evidence and not inconsistent with the other substantial evidence of record. *Id.* at pp. 8-10. Plaintiff also argues that her improved health occurred after she left her former employment and was no longer in a workplace environment which had caused numerous asthma exacerbations. *Id.* at p. 10. Plaintiff argues that Dr. Aisner performed a limited one-time examination which did not include a pulmonary examination and her opinion should not be viewed as carrying substantial weight. *Id.* Plaintiff also argues nothing in her hearing testimony contravenes the opinions of Dr. Jalaj and treating physician Keith Festa, M.D., and that these opinions should have been accepted. *Id.* at p. 11.

Second, Plaintiff appears to argue that the ALJ's credibility determination is not supported by substantial evidence. *Id.* Specifically, Plaintiff argues that her limited activities of daily living are not disqualifying and were misconstrued by the ALJ. *Id.* Plaintiff argues that her household-related activities are quite limited (in duration and frequency) and do not support the conclusion that she is qualified for employment. *Id.*

Third, Plaintiff argues that the ALJ failed to properly consider the testimony of the VE. *Id.* at pp. 11-13. Specifically, Plaintiff argues that she established she could not return to her work as a teacher and, once apprised of her limitations, the VE agreed with this. *Id.* at p. 12. Plaintiff also argues the VE was asked too limited questions (and not afforded necessary information regarding the actual impact of Plaintiff's asthma on her prior employment including extensive absenteeism, suspension, and the eventual end of that employment) to allow her to evaluate the impact of Plaintiff's health issues on the work environment she faced as a teacher. *Id.* Plaintiff argues that, when informed Plaintiff limits her speaking to protect her health, the VE changed her opinion and

agreed that Plaintiff could not return to her prior employment involving classroom teaching. *Id.*

Plaintiff also argues that, although the VE initially opined Plaintiff could work as a file clerk, this testimony ignored her incapacity to stand for more than an hour, her inability to sit for more than an hour, and her susceptibility to dust and other pollutants in the environment as triggers for her asthma. *Id.* Plaintiff argues the VE admitted Plaintiff would not be employable when confronted with Plaintiff's documented need for repetitive breaks. *Id.* Finally, Plaintiff argues that the ALJ erred in interpreting the VE testimony as supporting a denial of disability and that the VE actually conceded Plaintiff was not employable in her prior position or any other when informed of additional information regarding Plaintiff's condition. *Id.* at pp. 12-13.

*2. Defendant's Motion for Judgment on the Pleadings*

Defendant makes three arguments in support of her Motion for Judgment on the Pleadings. Dkt. No. 11, Def.'s Mem. of Law at pp. 6-16. First, Defendant argues that substantial evidence supports the ALJ's evaluation of the opinion evidence. *Id.* at pp. 6-12. Specifically, Defendant argues that the ALJ correctly applied the legal standards and that substantial evidence supports her finding that Dr. Jalaj's opinion was entitled to only some weight because it was not supported by treatment records, was inconsistent with the opinion of the consultative examiner, and was inconsistent with Plaintiff's testimony at the administrative hearing. *Id.* at pp. 6-12. Defendant also argues that, although Plaintiff relies on her statement that Dr. Jalaj's treatment records are from the time period after she ended her employment as a teacher (employment which had caused numerous documented asthma exacerbations), Dr. Jalaj's December 2014 opinion is dated four years after Plaintiff stopped working as a teacher and contemporaneous treatment notes fail to support it, providing a supportable reason to discount it. *Id.* at p. 9. Defendant argues that Dr. Aisner's

consultative exam, which the ALJ noted as extensive, conflicted with Dr. Jalaj's opinion, providing another supportable reason to discount Dr. Jalaj's opinion. *Id.* at pp. 9-11. Defendant additionally argues that the ALJ properly discounted Dr. Jalaj's opinion because there were numerous inconsistencies between that opinion and Plaintiff's testimony concerning her functional limitations. *Id.* at pp. 11-12.

Second, Defendant argues that substantial evidence supports the ALJ's evaluation of Plaintiff's daily activities because Plaintiff's report to Dr. Aisner and her testimony regarding these activities were inconsistent with her subjective complaints. *Id.* at pp. 12-13.

Third, Defendant argues that substantial evidence supports the ALJ's Step Four and Step Five findings. *Id.* at pp. 13-16. Specifically, Defendant argues that Plaintiff conflates the ALJ's finding that Plaintiff is capable of performing her past relevant work as a teacher with a finding that she could return to her prior employment. *Id.* at p. 13. Defendant argues the VE testified that an individual with Plaintiff's RFC could perform Plaintiff's past relevant work. *Id.* at p. 14. Defendant also argues the ALJ supportably discounted the opinion evidence supporting Plaintiff's absenteeism. *Id.* at pp. 14-15. Defendant additionally argues the VE testified that an individual limited to frequent speaking could not perform Plaintiff's past relevant work, but that the ALJ did not include such a limitation in the RFC and reasonably discounted Plaintiff's testimony concerning the limiting effects of her impairment. *Id.* at p. 15.

Finally, Defendant argues that the ALJ made an alternative Step Five finding that Plaintiff could perform other jobs existing in significant numbers in the economy (including file clerk, general office clerk, and mailer) based on the VE's testimony. *Id.* at p. 15. Defendant also contends that Plaintiff's argument indicating the VE was asked limited questions and not given all of the

necessary information should not be well taken because Plaintiff was represented by counsel at the administrative hearing and had the opportunity to cross-examine the VE. *Id.* at pp. 15-16. Defendant contends Plaintiff's argument that the VE retreated from her prior opinions once more information was given is a mischaracterization of the VE's testimony. *Id.* at p. 16.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an

analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. Substantial Evidence Supports the ALJ's Analysis of the Opinion Evidence and Plaintiff's RFC

RFC is defined as "'what an individual can still do despite his or her limitations . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012), *report and recommendation adopted,* 2013 WL 1180864 (N.D.N.Y. Mar. 20, 2013) (quoting Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *8).

When assessing a claimant's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability. 20 C.F.R. § 404.1513a; *see also Frey ex rel. A.O. v. Astrue*, 485 Fed. Appx. 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical

evidence in the record."); *Little v. Colvin*, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks omitted). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

In two letters from September 2010, treating physician Dr. Festa indicated Plaintiff had respiratory problems related to developing chronic asthma and was being co-managed by a pulmonary specialist. Tr. at pp. 290-91. In her decision, the ALJ recognized that Dr. Festa's notes identified the triggers most relevant to Plaintiff's conditions, which included inhaled allergens, respiratory infections and environmental factors such as chronic and acute stress, anxiety and depression. The decision also discussed the recommendations that Plaintiff be granted accommodations of transferring to a high school environment and being provided an air conditioner and an air purifier in a stationary room. Tr. at pp. 24-25 & 290-91. The ALJ also referenced Dr. Festa's notation that, in regards to Plaintiff's hearing aids, background noise levels created higher stress on the inner ear and his recommendation that she teach no lower level courses, as this exposed her to a higher environmental noise level. Tr. at pp. 25 & 290. The ALJ afforded Dr. Festa's opinion great weight as he was a treating physician and his opinion indicated work accommodations and no actual functional impairments that prevented Plaintiff from engaging in work activities, consistent with treatment records and supported by the consultative examination. Tr. at p. 25.

In September 2014, consultative examiner Dr. Aisner diagnosed asthma triggered by upper respiratory infection, stress and humidity (with no use of rescue inhaler for several months), a

history of a bulging disc in the lower back as per report, and a history of bilateral hearing loss with use of bilateral hearing aids. Tr. at p. 467. Dr. Aisner opined that Plaintiff had no limitations to walking, standing, sitting, pushing, pulling, carrying or lifting and no limitations to activities requiring adequate hearing with the use of bilateral hearing aids. Tr. at pp. 467-68. Dr. Aisner also opined that, due to Plaintiff's history of asthma, she should avoid any known triggers and any environmental stimulants that might currently trigger her asthma. Tr. at p. 468. The ALJ afforded significant weight to Dr. Aisner's opinion because she was an examining physician with specific program knowledge, she performed an extensive physical examination, and her opinion was consistent with treatment records. Tr. at p. 25.

In December 2014, treating pulmonologist Dr. Jalaj completed a pulmonary RFC assessment and indicated he had seen Plaintiff every three to four months since 2007. Tr. at p. 471. Dr. Jalaj indicated a diagnosis of bronchial asthma with symptoms including shortness of breath, wheezing, rhonchi, episodic acute asthma, episodic acute bronchitis, and coughing and identified precipitating factors for acute asthma attacks including upper respiratory infection, emotional upset/stress, irritants, and cold air/change in the weather. *Id.* He characterized the nature and severity of Plaintiff's attacks as moderate-to-severe and needing antibiotics and steroids. *Id.* Dr. Jalaj opined that Plaintiff's symptoms were occasionally severe enough to interfere with the attention and concentration needed to perform even simple tasks and that she was incapable of even low stress jobs. Tr. at p. 472. She could occasionally lift/carry less than 10 pounds and rarely lift/carry 10 pounds, occasionally twist, bend, crouch/squat and climb stairs, and rarely climb ladders. Tr. at p. 473. She should avoid all exposure to extreme cold/heat, high humidity, wetness, cigarette smoke, perfumes, soldering fluxes, solvents/cleaners, fumes, odors, gases, dust, and chemicals. Tr. at p.

474. Dr. Jalaj opined that Plaintiff's impairments were likely to produce good days and bad days and she was likely to be absent from work more than four days per month. *Id.* He indicated a guarded prognosis and also opined that Plaintiff could walk less than one block without rest or severe pain, sit for 30 minutes at a time for a total of two hours, stand for 10 minutes at a time, and stand/walk for a total of less than two hours. Tr. at p. 473.

The ALJ summarized Dr. Jalaj's opinion and noted the nature of the treating physician rule. Tr. at pp. 25-26. The ALJ afforded only some weight to Dr. Jalaj's opinion because it was not supported by treatment records that showed "only two visits in 2011 in 2012, three in 2013, and four in 2014, but [Plaintiff] was breathing well in 2015." Tr. at p. 26. The ALJ also indicated that Dr. Jalaj's opinion was contradicted by substantial evidence including the findings of the consultative examiner and Plaintiff's testimony at the administrative hearing. *Id.*

Plaintiff argues that the ALJ erred in considering the opinion evidence and that the opinions of Dr. Festa and Dr. Jalaj should have been accepted. Pl.'s Mem. of Law at pp. 8-11. The Court finds these arguments unpersuasive for the following reasons.

An ALJ is obligated to provide a clear justification for the weight being afforded to different opinions. *Cortright v. Colvin*, 2014 WL 4384110, at *13 (S.D.N.Y. Aug. 29, 2014). Here, the ALJ's analysis of the opinion evidence reflects careful consideration of the opinions from Dr. Festa, Dr. Jalaj, and Dr. Aisner, as well as, adequate explanation for the weight afforded to each opinion. Tr. at pp. 24-26.

Second, the ALJ explicitly noted the nature of the opinions of Plaintiff's treating physicians, indicating that Dr. Festa's opinion supported work accommodations rather than actual functional limitations and that Dr. Jalaj's opinion, while a treating source opinion, was not supported by

treatment records, the consultative examination, or Plaintiff's hearing testimony. *Id.* Inconsistency with, or lack of support from, the evidence can constitute a good reason for rejecting an opinion even from a treating physician. *See Saxon v. Astrue*, 781 F. Supp. 2d 92, 102 (N.D.N.Y. 2011) ("The less consistent an opinion is with the record as a whole, the less weight it is to be given.") (citing *Stevens v. Barnhart*, 473 F. Supp. 2d 357, 362 (N.D.N.Y. 2007)); *Otts v. Comm'r of Soc. Sec.*, 249 Fed. Appx. 887, 889 (2d Cir. 2007) (noting that an ALJ may reject an opinion from a treating physician "upon the identification of good reasons, such as substantial contradictory evidence in the record") (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (indicating that the extent that an opinion is consistent with the record as a whole is one of the factors considered when determining the amount of weight to which an opinion is entitled).

Finally, the ALJ was entitled to rely on Dr. Aisner's consultative opinion as Dr. Aisner was a qualified examining medical consultant. *Frey ex rel. A.O. v. Astrue*, 485 Fed. Appx. at 487. The ALJ also adequately explained the reasons as to why she afforded Dr. Aisner's opinion significant weight, noting her extensive physical examination, specific program knowledge, and her opinion's consistency with Plaintiff's treatment records. Tr. at p. 25; *see Pattington v. Comm'r of Soc. Sec.*, 2017 WL 3575682, at *5 (N.D.N.Y. Aug. 17, 2017).

For the reasons outlined above, the ALJ's analysis of the medical opinions and the resulting RFC are supported by substantial evidence.

### B. Substantial Evidence Supports the ALJ's Credibility Finding

In determining whether a claimant is disabled, the ALJ must also make a determination as to the credibility of the claimant's allegations. "'An administrative law judge may properly reject

claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 205 (N.D.N.Y. 2012) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999)). The Second Circuit recognizes that "'[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant,'" and that, "[i]f there is substantial evidence in the record to support the Commissioner's findings, 'the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.'" *Schlichting v. Astrue,* 11 F. Supp. 3d at 206 (quoting *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983); *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984)). Due to the fact that the ALJ has the benefit of directly observing a claimant's demeanor and "other indicia of credibility," the ALJ's credibility assessment is generally entitled to deference. *Weather v. Astrue*, 32 F. Supp. 3d 363, 381 (N.D.N.Y. 2012) (citing *Tejada v. Apfel*, 167 F.3d 770, 776 (2d Cir. 1999)).

Here, the ALJ found that Plaintiff and her husband's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. at p. 21. The ALJ noted Plaintiff's lifelong hearing loss was corrected with hearing aids, she was able to teach for many years, and was able to hear and answer all questions at the hearing. Tr. at p. 26. The ALJ also noted Plaintiff's asthma was controlled with medications and she saw a pulmonologist three times a year with negative chest x-rays. Tr. at pp. 27 & 292-309. The ALJ indicated that, despite Plaintiff's asthma, she testified that she performed cleaning, dusting, and laundry and gardened regularly and that she tried to avoid

upper respiratory infections, but did use public transportation to attend occasional shows or weddings. Tr. at p. 27. The ALJ also noted Plaintiff's daily activities, function reports from Plaintiff and her husband, and Plaintiff's report to the consultative examiner as being inconsistent with the alleged functional limitations. Tr. at pp. 27, 183-203, 464-70, & 625.

Plaintiff appears to argue that the ALJ's credibility determination is not supported by substantial evidence. Pl.'s Mem. of Law at p. 11. The Court finds this argument unpersuasive.

When considering Plaintiff's RFC and credibility, the ALJ summarized Plaintiff's disability and function reports, her testimony, and the medical evidence of record. Tr. at pp. 20-27, 43-47, 51-53, 183-203, & 464-70. While Plaintiff contends that the ALJ misconstrued her activities of daily living, the ALJ's overall decision appears to accurately discuss Plaintiff's reports of her activities and her testimony. *Id.* The ALJ's decision notes Plaintiff's reported activities including going outside on a daily basis, performing household activities for up to two hours daily, weeding the garden for up to one hour a day depending upon the humidity, exercising (including using a weight system at home and walking about a mile each day) and going shopping. Tr. at pp. 21 & 27. Indeed, Plaintiff testified at the administrative hearing that her daily routine includes making breakfast, doing chores or light yard work depending on the season, and walking as exercise. Tr. at pp. 43-47 & 53. Plaintiff did note that she does not do a lot of activities and her husband mainly does the shopping and that she avoids trigger situations for her asthma, avoids gardening in humid/cold conditions, and takes frequent breaks while gardening. Tr. at pp. 51-52 & 56. Further, at the consultative examination, Plaintiff reported using a recumbent bike for about five minutes a day, walking daily except for on hot, humid days, and going out to the store. Tr. at p. 465.

The ALJ's credibility analysis is supported by substantial evidence in that her summary of

Plaintiff's reported activities does not appear to misconstrue those activities as Plaintiff now alleges. The ALJ's decision indicates a detailed analysis of the evidence before her and this Court will not now reweigh that evidence. *See Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d at 642).

### C. Substantial Evidence Supports the ALJ's Step Four and Step Five Determinations

"[T]he Commissioner asks, at Step Four, 'whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform . . . her past work.'" *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000)) (internal citations omitted). "[T]he claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003) (citing *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981); SSR 82-62).

Although the claimant has the general burden to prove he has a disability under the definitions of the Social Security Act, the burden shifts to the Commissioner at Step Five "'to show there is other work that [the claimant] can perform.'" *McIntyre v. Colvin*, 758 F.3d at 150 (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 445 (2d Cir. 2012)). "An ALJ may rely on a vocational expert's testimony regarding a hypothetical [question] as long as 'there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion' [and] . . . [the hypothetical question] accurately reflect[s] the limitations and capabilities of the claimant involved." *Id.* at 151 (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983); citing *Aubeuf v. Schweiker*, 649 F.2d 107, 114 (2d Cir. 1981)). If a hypothetical question does not include all of a claimant's impairments, limitations, and restrictions, or is otherwise inadequate, a vocational

*-16-*

expert's response cannot constitute substantial evidence to support a conclusion of no disability." *Pardee v. Astrue*, 631 F. Supp. 2d at 211 (citing *Melligan v. Chater*, 1996 WL 1015417, at *8 (W.D.N.Y. Nov. 14, 1996)).

Here, the ALJ found that Plaintiff is capable of performing past relevant work as a teacher. Tr. at pp. 27-28. The ALJ also noted that the VE further testified Plaintiff has transferable general clerical skills and would be able to perform other occupations with the determined RFC such as a file clerk, general office clerk, mailer, and route delivery clerk. Tr. at pp. 28 & 60-61. The ALJ also indicated that she found Plaintiff able to perform this work as it is actually and generally performed in accordance with SSR 00-4p. Tr. at p. 28. The ALJ noted that she had incorporated work accommodations indicated by Plaintiff's treating physician Dr. Festa as well as by Dr. Aisner's opinion. Tr. at pp. 28, 286-91, & 464-70.

Plaintiff argues that the ALJ failed to properly consider the VE's testimony because Plaintiff established she could not return to her work as a teacher or be employed in other positions and, once apprised of her limitations (including those regarding limited speaking, standing, sitting, environmental triggers to her asthma, and a need for repetitive breaks), the VE actually agreed with this. Pl.'s Mem. of Law at pp. 11-12. Plaintiff also argues the VE was asked very limited questions. *Id.* The Court finds these arguments unpersuasive for the following reasons.

First, the Court's review of the VE testimony does not support Plaintiff's contentions. Tr. at pp. 56-62. As an initial matter, Plaintiff was represented at the administrative hearing and her attorney had the opportunity to question the VE and to expound upon any questions posed by the ALJ. Tr. at pp. 34, 36-37, & 61-62. While the VE did testify that an individual limited to frequent speaking would not be able to perform Plaintiff's past work as a teacher, the VE also indicated that

a person even further limited to occasional speaking and having Plaintiff's transferable skills would be able to do the job of a file clerk, general office clerk, mailer, and route delivery clerk. Tr. at pp. 60-61. Additionally, the VE did testify that an individual requiring a 15-minute break every hour would be unable to maintain employment. Tr. at p. 62. Nonetheless, the ALJ did not include such speaking limitations or break requirements in the final RFC determination, which the Court has already determined is supported by substantial evidence. Tr. at p. 19.

Indeed, as indicated in Sections III.A. and III.B. of this Decision and Order, the ALJ's consideration of the opinion evidence and her determination of Plaintiff's RFC and credibility is supported by substantial evidence. The ALJ has the responsibility of reviewing all the evidence before her, resolving inconsistencies, and making a determination consistent with the evidence as a whole. *See Bliss v. Colvin*, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014). Again, this Court will not now reweigh that evidence.

Finally, because the RFC was supported, the VE testimony that Plaintiff could perform her past relevant work as a teacher as well as other jobs (with the RFC limitations determined by the ALJ) is also supported by substantial evidence. Plaintiff's arguments address alleged limitations that the ALJ fully and adequately considered and addressed in her decision. Accordingly, the Court finds that the ALJ's Step Four and Step Five findings based on the VE testimony are supported by substantial evidence.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED,** that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED,** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED,** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**, and it is further

**ORDERED,** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 5, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge